# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

PAUL MANIZAK

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

OFC E. TALIA
OFC. CALCATERA
OFC. SHEETS
RESERVE OFC. HOLMAN
DET. PAUL THOMAS
DET. J MCMAHON
SGT. COUCH
DET. DANIEL PELLETIER
HIGHLAND PARK POLICE DEPARTMENT
ROYAL OAK POLICE DEPARTMENT
APA LAURA MCLANE

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case: 2:17-cv-10655
Judge: Michelson, Laurie J.
MJ: Stafford, Elizabeth A.
Filed: 03-02-2017 At 10:35 AM
PRIS MANIZAK V. TALIA ET AL (DA)

*(to be filled in by the Clerk's Office)*

Jury Trial: ☑ Yes ☐ No
*(check one)*

## Complaint for Violation of Civil Rights
## (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

**In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.**

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name  PAUL R. MANIZAK # 0388677

All other names by which you have been known:

_____

_____

ID Number  OAKLAND COUNTY JAIL

Current Institution  1201 N. TELEGRAPH RD.

Address  PONTIAC, MI, 49341

_____

### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name  SEE ATTACHED

Job or Title
(if known)  _____

Shield Number  _____

Employer  _____

Address  _____

_____

☐  Individual capacity          ☐  Official capacity

## Defendant No. 2

| | |
|---|---|
| Name | _____ |
| Job or Title (if known) | _____ |
| Shield Number | _____ |
| Employer | _____ |
| Address | _____ |
| | _____ |

☐ Individual capacity        ☐ Official capacity

## Defendant No. 3

| | |
|---|---|
| Name | _____ |
| Job or Title (if known) | _____ |
| Shield Number | _____ |
| Employer | _____ |
| Address | _____ |
| | _____ |

☐ Individual capacity        ☐ Official capacity

## Defendant No. 4

| | |
|---|---|
| Name | _____ |
| Job or Title (if known) | _____ |
| Shield Number | _____ |
| Employer | _____ |
| Address | _____ |
| | _____ |

☐ Individual capacity        ☐ Official capacity

<u>DEFENDANT'S</u>

1.) OFC. E. TALIA

HIGHLAND PARK Police OFFicer

Shield NO. N/A          (OFFICIAL AND Individual CAPACITYS)

HighLAND PARK Police DEPT.

14112 WOODWARD AVE HighLAND PARK MI, 48203


2.) OFC. CALCATERA

HighLAND PARK Police OFFicer  (OFFicial AND Individual CAPACITYS)

SHield NO. N/A

HighLAND PARK Police DEPT.

14112 WOODWARD AVE HighLAND PARK, MI, 48203


3.) OFC. SHeeTS

HighLAND PARK Police OFFICER

SHield NO. N/A          (OFFicial AND Individual CAPACITYS)

HighLAND PARK Police DEPT.

14112 WOODWARD AVE, HighLAND PARK, MI, 48203


4.) Reserve Officer HolmAN

HighLAND PARK Police OFFicer

SHield NO. N/A          (OFFicial And Individual CAPACitys)

HighLAND PARK Police DEPT.

14112 WOODWARD AVE, HighLAND PARK, MI, 48203


4.

DEFENDANT(S) EXT.

5.) DETECTIVE PAUL THOMAS OIC
   HIGHLAND PARK DETECTIVE
   SHEILD NO. N/A          (OFFICIAL AND INDIVIDUAL CAPACITYS)
   HIGHLAND PARK POLICE DEPT.
   14112 WOODWARD AVE, HIGHLAND PARK, 48203


6.) DETECTIVE J. MCMAHON OIC
   HIGHLAND PARK DETECTIVE
   SHEILD NO. N/A          (OFFICIAL AND INDIVIDUAL CAPACITYS)
   HIGHLAND PARK POLICE DEPT.
   14112 WOODWARD AVE, HIGHLAND PARK, MI, 48203


7.) SGT COUCH
   HIGHLAND PARK SGT.
   SHEILD NO. N/A          (OFFICIAL AND INDIVIDUAL CAPACITYS)
   HIGHLAND PARK POLICE DEPT.
   14112 WOODWARD AVE, HIGHLAND PARK, MI, 48203


8.) DETECTIVE DANIEL PELLETIER
   ROYAL OAK DETECTIVE
   SHEILD NO. N/A          (OFFICIAL AND INDIVIDUAL CAPACITYS)
   ROYAL OAK POLICE DEPT.


5.

9.) HIGHLAND PARK POLICE DEPARTMENT (UNKNOWN POLICE CHIEF)

    14112 WOODWARD AVE, HIGHLAND PARK, 48203

10.) ROYAL OAK POLICE DEPARTMENT (UNKNOWN POLICE CHIEF)

    UNKNOWN ADDRESS

11.) APA LAURA McLANE

    1200 N. TELEGRAPH ROAD

    PONTIAC, MI, 48341    (OFFICIAL AND INDIVIDUAL —

                       (CAPACITY)

6.

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐    Federal officials (a *Bivens* claim)

☑    State or local officials (a § 1983 claim) ( 1986 CONSPIRACY )

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

THE RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND INVESTIGATIVE SEIZURES. U.S.C.A. CONST. AMS. 4.14.

THE RIGHT TO BE FREE FROM COMPULSORY SELF-INCRIMINATION U.S.C.A. CONST. AMS. 5.14.

THE RIGHT TO BE FREE FROM UNDULY SUGGESTIVE PRETRIAL PHOTO PROCEDURES. U.S.C.A. CONST. AM. 14

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

PLAINTIFF STRESSES TO THE COURT HEREIN THAT ALL THE DEFENDANTS ON PAGE 1. OF THIS COMPLAINT "ACTED UNDER THE COLOR OF STATE LAW.

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☑ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☐ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* _____

## IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

C. What date and approximate time did the events giving rise to your claim(s) occur?

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

D.   What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

SEE ATTAChed.

10.

# FACTS

1.) On Nov. 5th, 2016 Plaintiff was arrested in the city of Highland Park MI for Alleged Recieving And concealing a STOLEN MOTOR VEHICLE.

2) THE Highland PARK Police (Hereinafter, H.P.P.) HAVE FAlsely ARRESTed The Plaintiff WITHOUT PROBABLE cause By Alleging That Plaintiff Jumped out of a Stolen Comcast VAN, THAT WAS Given FROM A (BOL). H.P.P. Officer E. TAliA and Reserve officer HOLMAN Did NOT HAVE PROBABLE cause To Pull OVER Alleged Stolen Comcast VAN, (Solely) Based OFF OF THE WRITing ON The side of VAN, AND Did NOT Run The PLATE UNTill VAN WAS Pulled over;

3) The PLAINTiFF WAS NOT The Alleged SUSPECT who Jumped out of The Alleged stolen COMCAST VAN, BUT WAS WAlKING DOWN THE street iN The General AReA;

4) PLAiNTiFF Fled The Scene IN FeaR And DuRess And WAS ShoRTly APPReHENDED By H.P.P.;

5) PLAiNTiFF REFUSED To PROVide H.P.P. HIS, NAME, HOWEVER PLAiNTiFF DiD TEll Police That He Lived AT 13220 WOODWARD AVE, IN HighlAND PARK MI;

11.

6.) PLAINTIFF WAS TAKEN TO THE H.P.P. DEPARTMENT FOR BOOKING. HOWEVER HE REFUSED TO BE FINGER PRINTED OR PROVIDE HIS NAME;

7.) UNKNOWN H.P.P USED THEIR PERSONAL CELL PHONES AND SNAPPED PICTURES OF PLAINTIFF, AS WELL AS, USED THEIR VIDEO CAMERA FOOTAGE THAT POINTS DIRECTLY INTO (CELL ONE), AND WENT TO PLAINTIFFS PLACE OF RESIDENCE AT 13220 WOODWARD AVE, WITHOUT A COURT ORDER OR WARRANT AND ENTERED THE PREMISES AND INTERROGATED SEVERAL (OASIS PERSONELL). THIS WAS LED BY OFC. E. TALIA WHO SHOWED (UNKNOWN OASIS PERSONELL) SINGLE SUGGESTIVE PHOTOS OF PLAINTIFF BASED OFF THE (JAIL HOUSE CELL PHONE PICTURES, AND VIDEO FOOTAGE), AND WENT UP TO PLAINTIFFS ROOM (520) AND SEARCHED THAT AND OBTAINED INFORMATION CONCERNING PLAINTIFFS MEDICATIONS THAT HE TAKES LEGALLY AND CORROBORATED THAT WITH (5) PILLS THAT WERE FOUND IN PLAINTIFFS POCKETS AT ARREST;

8) BASED OFF OF THE ABOVE SEARCH OF PLAINTIFFS RESIDENCE (UNKNOW OASIS PERSONELL) IDENTIFIED THE DEFENDANT TO OFFICER E. TALIA AND OTHER H.P.P OFFICERS;

9) BASED OFF THE ABOVE SEARCH, THE WAYNE AND OAKLAND COUNTY PROSECUTORS OFFICE[S], INTENTIONALLY AND DELIBERATELY OMITTED THE ABOVE (OASIS PERSONELL) FROM THEIR WITNESS LIST(S);

10.) PLAINTIFF WAS IDENTIFIED THE SAME NIGHT OF HIS ARREST ON NOV. 5, 2016;

11.) DETECTIVE[S] PAUL THOMAS AND THE OFFICER IN CHARGE OF THE CASE DETECTIVE J. MCMAHON VIOLATED DEFENDANTS RIGHT TO A PROMPT JUDICIAL DETERMINATION OF PROBABLE CAUSE UNDER GERSTEIN, 420 U.S. 103 (1975), RIVERSIDE COUNTY, 500 U.S. 44 (1991) THAT CLEARLY EXCEEDED THE MANDATED 48 HOURS AFTER PLAINTIFFS ARREST, AS IN FACT PLAINTIFF WAS ARRESTED ON NOV. 5, 2016 AND THE MAGISTRATE SIGNED THE WARRANT ON NOV, 9TH, 2016;

12.) OVERALL, THE PLAINTIFFS ARRAIGNMENT TOTALED OUT AT OVER (90 HOURS);

13) DETECTIVE(S) PAUL THOMAS AND THE OFFICER IN CHARGE OF THE CASE DET. J MCMAHON CONSPIRED, WITH AN INTENTIONAL RECKLESS DISREGARD FOR THE TRUTH, DRAFTED AN ILLEGAL FELONY COMPLAINT THAT WAS NOT SWORN TO UNDER OATH OR AFFIRMATION BY DET. J. MCMAHON. THE MAGISTRATE JOHN BENNETT ATTESTED THAT THE COMPLAINT WAS SWORN TO WHEN IT CLEARLY IS NOT. DET. PAUL THOMAS SWORE TO THE FELONY COMPLAINT HOWEVER, DET. J. MCMAHON SIGNED THE COMPLAINT UNDER [INFORMATION AND BELIEF], AND DID NOT SWEAR TO THE FACTS OF HIS OWN AFFIDAVIT;

14.) MAGISTRATE JHON BENNETT WAS NOT A NEUTRAL DETACHED

13.

MAGISTRATE IN THIS MATTER, AND IS SUSPECT BY THE SIGNATURES ALL MIXED UP ON THE COMPLAINT;

15). SGT. COUCH OF THE H.P.P MANIPULATED THE VIDEO FOOTAGE IN THE H.P.P. CITY JAIL THAT WAS USED TO IDENTIFY PLAINTIFF BY OASIS PERSONELL;

16.) THE IDENTIFICATION PROCEDURE EMPLOYED BY THE H.P.P. WAS OVERLY SUGGESTIVE AND THE PLAINTIFF WAS ENTITLED TO HAVE A ATTORNEY PRESENT DURING THAT PROCEDURE;

17) THE HIGHLAND PARK POLICE DEPARTMENT [VIA] ITS UNKNOWN POLICE CHIEF IS FAILING TO TRAIN HIS OFFICERS REGARDING THE FOLLOWING:

(A) BASIC PRINCIPLES OF SEARCH WARRANTS AND OBTAINING THEM BEFORE EXECUTING WARRANTLESS SEARCHES;

(B) BASIC PRINCIPLES OF IDENTIFYING SUSPECTS IN PROPER LINE-UPS AND FOLLOWING INTERNAL POLICE PROTOCOLS AND PROCEDURES IN ID. SUSPECTS;

(C) BASIC PRINCIPLES IN DRAFTING ARREST COMPLAINTS THAT COMPORT WITH STATE AND FEDERAL CONSTITUTIONS;

(D) BASIC PRINCIPLES OF ARRAIGNING SUSPECTS IN A TIMELY MANNER PURSUANT TO GERSTEIN/RIVERSIDES PROMPT JUDICIAL DETERMINATION OF PROBABLE CAUSE;

18.) ON NOV 5TH, 2016 THE DAY OF ARREST IN HIGHLAND PARK, HIGHLAND PARK POLICE CONTACTED THE ROYAL OAK POLICE DEPT. REGARDING AN ALLEGED STOLEN COMCAST VAN, AND FROM THAT DAY FORWARD, BOTH JURISDICTIONS IN HIGHLAND PARK AND ROYAL OAK EXCHANGED EVIDENCE WITH EACH OTHER, AND LENT EACH OTHER SPACE WITHIN THEIR OFFICES AND CONSPIRED AGAINST PLAINTIFF BY THE FOLLOWING:

(A) ON NOV. 22, 2016 ROYAL OAK DETECTIVE DANIEL PELLETIER SOUGHT AND OBTAINED A WRIT OF HABEAS CORPUS TO BRING THE PLAINTIFF TO THE 44TH DISTRICT COURT FOR PROSECUTION PURSUANT TO MCL 750.413 ; MCL 750.413 ; MCL 750.413 AND MCL 750.356 d (4) ;

19.) ON NOV, 22, 2016 ROYAL OAK DETECTIVE DANIEL PELLETIER DRAFTED AN UNCONSTITUTIONAL FELONY COMPLAINT THAT EXCLUSIVELY RELIED ON THE HIGHLAND PARK CHARGING INSTRUMENT AS ITS SOLE PROBABLE CAUSE SOURCE, HOWEVER, DET. PELLETIER FAILED TO INCLUDE IN HIS CHARGING INSTRUMENT THE FOLLOWING BELOW LISTED, THAT WAS DONE DELIBERATELY WITH AN INTENTIONAL RECKLESS DISREGARD FOR THE TRUTH, AND ARE AS FOLLOWS:

(A) THAT THE H.P. FELONY COMPLAINT IS NOT SIGNED UNDER OATH OR AFFIRMATION ;

(B) H.P. DETECTIVE(S) VIOLATED PLAINTIFFS 48 HOUR GERSTEIN/

RIVERSIDE RIGHT TO A PROMPT JUDICIAL DETERMINATION OF
PROBABLE CAUSE, AND THEREBY EXCEEDED PLAINTIFFS 72 HOUR ARRAIGNMENT;

(C) WARRANTLESS SEARCH OF PLAINTIFFS PLACE OF RESIDENCE THAT
RECOVERED CONFIRMATION OF PLAINTIFFS IDENTITY BY H.P.P.
VIA OFC. ETALIA;

(D) ILLEGAL IDENTIFICATION PROCEDURE EMPLOYED BY H.P.P.D WHO
PRESENTED A SINGLE MAN PRETRIAL PHOTO OF PLAINTIFF TO OASIS
PERSONEL; PLAINTIFF WAS ENTITLED TO HAVE AN ATTORNEY
PRESENT;

20.) DET. DANIEL PELLETIERS FELONY COMPLAINT / AFFIDAVIT INCLUDED
THE FOLLOWING FALSE / MISLEADING AND INACCURATE INFORMATION
FROM THE HIGHLAND PARK POLICE DEPT., THAT WAS INCLUDED IN HIS
AFFIDAVIT WITH A DELIBERATE RECKLESS DISREGARD FOR THE
TRUTH AND ARE AS FOLLOWS:

(A) H.P.P CASE REPORT #16-2921, AND H.P.P INVESTIGATORS
REPORT NO. 16-722094;

21.) THE WRIT OF HABEAS CORPUS ISSUED OUT OF THE 44TH
DISTRICT COURT BY UNKNOWN MAGISTRATE IS AN UNCONSTITUT-
IONAL INSTRUMENT, AND A FRUIT OF THE POISONESS TREE;

22.) THE OAKLAND COUNTY PROSECUTORS OFFICE VIA APA LAURA

16.

MCLANE ARE ATTEMPTING TO RUN A COMPLETE SHAM UPON THE PLAINTIFF IN THE 44TH DISTRICT COURT BY TRYING TO FORCE ILLEGAL INADMISSIBLE AND OTHERWISE EXCLUDABLE EVIDENCE INTO EVIDENCE PURSUANT TO THE ABOVE 19 (A), (B), (C) and (D);

23.) THE OAKLAND COUNTY PROSECUTORS OFFICE VIA APA LAURA MCLANE HAVE UNCONSTITUTIONALLY CALLED THE PLAINTIFF TO THE OAKLAND COUNTY PROSECUTION TO FORCE HIM TO BE A WITNESS AGAINST HIMSELF IN THE WAYNE COUNTY PENDING PROSECUTION. THE OAKLAND AND WAYNE COUNTY PROSECUTORS OFFICES FROM THE DAY OF ARREST OF PLAINTIFF HAVE BEEN IN DIRECT CONTACT WITH EACH OTHER EXCHANGING EVIDENCE AND BUILDING TWO SEPERATE CASES IN TWO DIFFERENT JURISDICTIONS, WHERE IN FACT AT THE PRESENT TIME THE OAKLAND COUNTY PROSECUTORS OFFICE IS FORCING PLAINTIFF TO A JURY TRIAL, WHERE IF [CONVICTED AT TRIAL, OR EVEN BY A GUILTY PLEA] FURNISHES A LINK IN THE CHAIN OF EVIDENCE NEEDED TO PROSECUTE THE PLAINTIFF [IN WAYNE COUNTY] FOR MCL 750.535 (7);

24.) THE OAKLAND COUNTY PROSECUTION CONSTITUTES AN INTERROGATION AND IF CONVICT[ED] WOULD CONSTITUTE THE ELICITATION OF INCRIMINA-TING ANSWERS;

25.) THE CALLING TO THE OAKLAND COUNTY PROSECUTION ON ITS FACE VIOLATED PLAINTIFFS RIGHT TO BE FREE OF COMPULSORY SELF-INCRIMINATION

26.) THE CALLING AND THE INITATION OF THE OAKLAND COUNTY PROCEEDINGS

VIA APA LAURA MCLANE WERE/ ARE IN FACT AN OFFICIAL ATTEMPT TO INTIMIDATE THE PLAINTIFF INTO INCRIMINATING HIM SELF IN WAYNE COUNTY, BECAUSE APA MCLANE HAS ALREADY IN FACT PRECLUDED THE PLAINTIFF FROM MAKING A FREE AND VOLUNTARY CHOICE WHETHER TO TESTIFY IN HIS OWN BEHALF, OR EVEN PLEAD GUILTY (AS AN OPTION) WAS UNCONSTITUTIONALLY REMOVED BY THE STATES CALLING AND INITATION OF THE OAKLAND COUNTY PROCEEDING'S;

27.) THE ROYAL OAK POLICE DEPARTMENT [VIA] ITS UNKNOWN POLICE CHIEF IS FAILING TO TRAIN HIS PERSONELL REGARDING THE FOLLOWING:

(A) HOW TO RECOGNIZE EXCULPATORY/IMPEACHING EVIDENCE FROM OTHER POLICE DEPARTMENTS;

28.) THE ROYAL OAK and HIGHLAND PARK POLICE DEPARTMENT(S) IN THIS MATTER HAVE ENGAGED IN A CONSPIRACY TO USE UNCONSTITUT- IONAL EVIDENCE IN OAKLAND AND WAYNE COUNTY (S) TO WRONGLY CHARGE PLAINTIFF FOR STEALING A VAN IN OAKLAND COUNTY, AND CHARGE PLAINTIFF FOR RECIEVING AND CONCEALING THE VAN IN WAYNE COUNTY THAT WAS ULTIMATELY BASED ON HIGHLAND PARK POLICE'S CHARGING INSTRUMENT THAT IS BASED ON SEVERAL ILLEGAL SEARCH AND SEIZURES, ILLEGAL COMPLAINT, CONCEALMENT OF WITNESS'ES FROM THE OASIS, ILLEGAL PRETRIAL IDENTIFICATION PROCEDURES, AND FORCED INCRIMINATION IN OAKLAND COUNTY TO SOLIDIFY THE WAYNE COUNTY PROSECUTION CONTITUTES A CONSPIRACY;

29.) PLAINTIFF ASSERTS THAT HIS REQUEST FOR INJUNCTIVE RELIEF IN THIS 42 U.S.C. § 1983 CIVIL COMPLAINT AGAINST THIS PENDING STATE PROSECUTION IS APPROPRIATE UNDER YOUNGER V. HARRIS; EX PARTE YOUNG, 209 U.S. 123, 28 S.CT. 441, 52 LED. 714 (1908);

30.) There is EVIDENCE IN THIS RECORD, BEFORE THIS FEDERAL COURT TO INFER THAT HIGHLAND PARK AND ROYAL OAK POLICE, VIA THE OAKLAND AND WAYNE COUNTY PROSECUTORIAL OFFICES HAVE INTENTIONALLY HARASSED THE PLAINTIFF AND ENGAGED IN AN OFFICIAL CONSPIRACY, AND BOTH PROSECUTIONS ARE UNDERTAKEN BY STATE OFFICIALS IN BAD FAITH; WITHOUT PLAINTIFF HAVING HOPE OF OBTAINING A VALID CONVICTION;

31.) ACCORDINGLY, FOR THE ABOVE FACTUAL REASONS, IT IS ORDERED THAT JUDGMENT BE ENTERED DECREEING:

(A) THAT, BOTH, THE WAYNE AND OAKLAND COUNTY PROSECUTIONS ARE UNCONSTITUTIONAL;

(B) THAT, THE PLAINTIFF, MR. MANIZAK IS BEING COMPELLED TO BE A WITNESS AGAINST HIMSELF IN BOTH THE WAYNE AND OAKLAND COUNTY PROSECUTIONS;

(C) THAT, BOTH, CHARGING INSTRUMENTS IN HIGHLAND PARK AND ROYAL OAK WITH OTHER POLICE REPORTS MUST BE SUPPRESSED AND INADMISSIBLE OR OTHERWISE EXCLUDABLE, AND BE BARRED FROM

INTRODUCTION IN ANY PENDING OR FUTURE PROSECUTIONS OF THE PLAINTIFF;

(D) THAT JURISDICTION BE RETAINED HEREIN FOR THE ISSUANCE OF SUCH FURTHER ORDERS AS MAY BE NECESSARY AND PROPER.

32.) THE CONSPIRACY IN THIS MATTER IS FACTUALLY APPARENT BY THE ROYAL OAK POLICE, THE OAKLAND COUNTY PROSECUTORS OFFICE, THE HIGHLAND PARK POLICE, AND THE WAYNE COUNTY PROSECUTOR'S OFFICE' "OFFICIAL" EXCHANGE OF CONTAMINATED EVIDENCE, AND KNOWING THAT THE EVIDENCE PASSING FROM HAND TO HAND WAS CRIMINAL IN NATURE. THE ABOVE DEFENDANT'S KNEW OR SHOULD HAVE KNOWN THAT SUCH SAID EXCHANGE OF EVIDENCE WAS EXCULPATORY AND IMPEACHING IN NATURE, THERE IS NO EXCUSE FOR THESE DEFENDANTS IN THIS CONSPIRACY CLAIM.

33.) IF THE COURT FAILS TO ISSUE THE INJUNCTION IN THIS MATTER THE PLAINTIFF WILL IN FACT CONTINUE TO SUFFER IRREPARABLE HARM.

34.) BOTH DEFENDANTS LAURA MCLANE AND DANIEL PELLETIER CONSPIRED WITH EACH OTHER IN THIS MATTER AND CAUSED AN UNKNOWN MAGISTRATE TO ISSUE AN ILLEGAL WRIT OF HABEAS CORPUS THAT WAS DEFICIENT OF PROBABLE CAUSE. DEFENDANT MCLANE WAS FUNCTIONING AS A COMPLAINING WITNESS AND NOT A PROSECUTOR.

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

1.) MENTAL AND EMOTIONAL SUFFERING " CONTINUING INJURY"

2.) LOSS OF EMPLOYMENT -- " CONTINUING INJURY"

3.) FINANCIAL LOSS FROM LITIGATION "CONTINUING INJURY"

4.) PLAINTIFF WAS COMPELLED TO KITE THE WAYNE AND OAKLAND COUNTY JAIL MENTAL HEALTH SERVICES AND OBTAINED SEVERAL MEDICATIONS TO COPE WITH THE STRESS OF THESE DEFENDANTS --"CONTINUING INJURY"

5.) LOSS OF FAMILY TIME." CONTINUING INJURY"

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

SEE ATTACHED.

## Relief Sought

1.) Highland Park Police Department, 250,000 monetary; 10,000 compensatory damages; 100,000 punitive damages;

2.) Officer E. Taha -- official capacity 50,000, monetary; 5,000 compensatory damages; 75,000 punitive damages; In His Individual capacity 15,000;

3.) Officer Calcatera -- official capacity 50,000 monetary; 5,000 in compensatory damages; 75,000 in punitive damages; In His Individual capacity 15,000;

4) Officer Sheets -- official capacity 50,000 monetary; 5,000 in compensatory damages; 75,000 in punitive damages; And In His Individual capacity 15,000;

5) Reserve Officer Holman -- official capacity 50,000 monetary; 5,000 compensatory damages; 75,000 in punitive damages; In His Individual capacity 15,000 monetary;

6) Detective Paul Thomas -- official capacity 50,000 monetary; 5,000 compensatory damages; 75,000 in punitive damages; In His Individual capacity 20,000 in monetary;

22.

7.) DETECTIVE J. McMAHON -- OFFICIAL CAPACITY 50,000 MONTEARY; 10,000 IN COMPENSATORY DAMAGES; 75,000 PUNITIVE DAMAGES; AND IN HIS INDIVIDUAL CAPACITY 15,000;

8) SGT COUCH -- OFFICIAL CAPACITY 50,000 MONETARY; 5,000 IN IN COMPENSATORY DAMAGES; 75,000 PUNITIVE DAMAGES; AND IN HER INDIVIDUAL CAPACITY 15,000 MONETARY;

9) DETECTIVE DANIEL PELLETIER -- OFFICIAL CAPACITY 50,000 MONETARY; 10,000 IN COMPENSATORY DAMAGES; 75,000 IN PUNITIVE DAMAGES; AND IN HIS INDIVIDUAL CAPACITY 15,000 MONTEARY;

10) ROYAL OAK POLICE DEPARTMENT - OFFICIAL CAPACITY 50,000 MONETARY; 10,000 IN COMPENSATORY DAMAGES; 75,000 IN PUNITIVE DAMAGES; AND IN HIS INDIVIDUAL CAPACITY 15,000 MONETARY;

11) PROSECUTOR LAURA McLANE; PLAINTIFF ASKS THE COURT FOR INJUNCTIVE RELIEF ORDERING THE STATE TO:

(A) STOP PROSECUTING PLAINTIFF, AND FORCING HIM TO BE A WITNESS AGAINST HIMSELF IN THE WAYNE COUNTY TRANSACTION;

(B) ORDER THE STATE TO SUPPRESS ALL EVIDENCE IN BOTH HIGHLAND PARK, AND ROYAL OAK, PROSECUTIONS, OR PROVIDE SUPPRESSION HEARINGS;

(C) THAT SAID MATERIALS BE SUPPRESSED AS EVIDENCE IN ANY FUTURE PROSECUTIONS OF PLAINTIFF;

(D) THAT JURISDICTION BE RETAINED HEREIN FOR PURPOSES OF ENTERING ORDERS NECESSARY TO ENFORCE ITS VIEW OF THE PROPER PROCEDURES OF THE PENDING STATE PROSECUTION;

12.) THE PLAINTIFF ASKS THE COURT FOR DECLARATORY RELIEF, BY DECREEING:

(A) THAT BOTH THE WAYNE AND OAKLAND COUNTY PROSECUTIONS ARE UNCONSTITUTIONAL;

(B) THAT, THE OAKLAND COUNTY PROSECUTORS OFFICE IS FORCE INCRIMINATING THE PLAINTIFF, AND FORCING HIM TO BE A WITNESS AGAINST HIMSELF IN THE WAYNE COUNTY PROSECUTION;

(C) THAT, ALL EVIDENCE IN THIS CASE MUST BE SUPPRESSED;

(D) THAT ALL SAID EVIDENCE BE SUPPRESSED AND BARRED AS EVIDENCE IN ANY FUTURE PROSECUTIONS OF PLAINTIFF;

(E) THAT JURISDICTION BE RETAINED HEREIN FOR THE ISSUANCE OF SUCH FURTHER ORDERS AS MAY BE NECESSARY AND PROPER;

(13) ANY OTHER RELIEF THAT MAY BE APPROPRIATE IN THE INTERESTS OF JUSTICE.

24.

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐    Yes        NOT APPLICABLE

☐    No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐    Yes

☐    No        NOT APPLICABLE

☐    Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐    Yes

☐    No

☐    Do not know        NOT APPLICABLE

If yes, which claim(s)?

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐   Yes          NOT APPLICABLE

☐   No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐   Yes          NOT APPLICABLE

☐   No

E.   If you did file a grievance:

1.   Where did you file the grievance?

N|A

2.   What did you claim in your grievance?

N|A

3.   What was the result, if any?

N|A

26.

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

N|A

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

N|A

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N|A

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N|A

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☑  Yes

☐  No

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

I AM IN A POSITION TO WHERE i CANNOT ANSWER THIS. AT THIS TIME

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐  Yes

☑  No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s)  _____

Defendant(s)  _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.  Docket or index number

_____

28.

4.    Name of Judge assigned to your case

    _____

5.    Approximate date of filing lawsuit

    _____

6.    Is the case still pending?

☐    Yes

☑    No

If no, give the approximate date of disposition. _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

DISMISSED -- NOT IN MY FAVOR.

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐    Yes

☑    No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    _____

Defendant(s)    _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

3.    Docket or index number

    _____

## STATEMENT OF CLAIMS

### COUNT ONE

### 48 HOUR GERSTEIN / RIVERSIDE VIOLATION

PLAINTIFF INCORPORATES BY REFERENCE ALL MATERIALS IN THIS COMPLAINT AS THOUGH MORE FULLY SET FOURT HEREIN 1 THUR 30

30.) The Following ARE Being CHARGED WITH VIOLATIONS OF THE U.S. SUPREME COURTS 48 HOUR GERSTEIN / RIVERSIDES' PROMPT JUDICIAL DETERMINATION OF PROBABLE CAUSE (A) DET. PAUL THOMAS, DET. J. MCMAHON, SGT COUCH, OFFICERS TALIA, CALCATERA, HOLMAN, AND SHEETS FOR NOT COLLECTIVELY COMPLYING WITH GERSTEIN / RIVERSIDES 48 HOUR RULING, THAT VIOLATED THE PLAINTIFFS FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION;

### COUNT TWO

### ILLEGAL COMPLAINT SWEAR-TO

INCORPORATES BY REFERENCE ALL MATERIALS IN THIS COMPLAINT AS THOUGH MORE FULLY SET FOURTH HEREIN 1 THUR 31;

31.) The Following ARE Being CHARGED WITH THE PREPERATION OF AN ILLEGAL SWEAR-TO COMPLAINT THAT DID NOT COMPLY WITH

30.

The United States Constitutions Decree That All Warrants Be Signed Under Oath And Affirmation: Detectives Paul Thomas And J. McMahon Illegally Conspired With Each Other By Not Signing The Warrant Affidavit Under Oath Of Affirmation, That Ultimately Amounted To An Investigative Seizure. Thereby Violating Plaintiffs Right To Be Free From Unreasonable Seizure. U.S.C.A. Const. Am's 4.14;

## COUNT THREE

## FALSE ARREST

Incorporate's By Reference All Materials In This Complaint As Though More Fully Set Fourth Herein 1 Thur 32;

32.) The Following Are Being Charged With Violations Of The United States Constitution Probable Cause Requirements In Arresting Their Alleged Suspects: (A) Officers Talia And Reserve Officer Holman Were Deficient In Probable Cause In Their Dutys Of Arresting The Defendant By Not Have Sufficient Probable Cause To Pull Over An Alleged Stolen Comcast Van By Observing A Van With The Name Comcast On Its Side And Not Running Its Plate Until After It Was Pulled Over, Was Based Upon Reasonable Suspicion. That Violated The Plaintiffs Right To Be Free From Arrest Without Probable Cause. U.S.C.A. Const. Ams 4.14.

## COUNT FOUR

## UNREASONABLE SEARCHES / SEIZURE

INCORPORATES BY REFERENCE All THE MATERIALS IN THIS COMPLAINT AS THOUGH MORE FULLY SET FOURTH HEREIN. 1 THRU 33;

33.) THE FOLLOWING ARE BEING CHARGED WITH A WARRANT'CSS SEARCH OF PLAINTIFFS RESIDENCE ON 11/5/16: OFFICERS, TALIA, HOLMAN, SHEETS, CALCATERA, SGT. COUCH AND DETECTIVES PAUL THOMAS AND J. MCMAHON. All CONSPIRED BY GOING TO PLAINTIFFS RESIDENCE WITHOUT A WARRANT OR COURT ORDER AND ENTERED THE RESIDENCE AND INTERROGATED UNSPECIFIED PEOPLE. THE RESIDENCE IS NOT COMMON GROUND, THAT RECOVERED THE "CONFIRMATION OF PLAINTIFFS IDENTITY". THIS ILLEGAL CONDUCT VIOLATED PLAINTIFFS RIGHT TO BE FREE OF UNREASONABLE SEARCHES AND SEIZURES. U.S.C.A. CONST. AM's. 4.14.

## COUNT FIVE

## ILLEGAL SUGGESTIVE PRETRIAL PHOTO DISPLAY

INCORPORATES BY REFERENCE All THE MATERIALS IN THIS COMPLAINT AS THOUGH MORE FULLY SET FOURTH HEREIN 1 THRU 34;

34.) THE FOLLOWING ARE BEING CHARGED WITH VIOLATIONS OF THE UNITED STATES CONSTITUTION'S DUE PROCESS REQUIREMENTS BY PRESENTING A SINGLE MAN PHOTO DISPLAY TO UNKNOWN OASIS PERSONELL WHO CONFIRMED

The identity of PLAINTIFF: (A) officers E. TAIIA, Sheets, Holman CALCATERA, Detective Thomas AND MCMAHON AND SGT. couch All conspired iN HARMONY AND Presented A Single MAN PHOTO TO UNKNOWN People AT PLAINTIFFS Residence That "CONFIRMED The Identity OF PLAINTIFF". This illegal ACTION DEPRIVED The PLAINTIFF OF life, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW. U.S.C.A. CONST. AM.14.

## COUNT SIX

## PERJURED TESTIMONY

INCORPORATES By REFERENCE All MATERIALS iN This COMPLAINT AS Though MORE Fully SET FOURTH HEREIN 1 THUR 35.;

35.) The Following ARE Being CHARGED WITH The use OF KNOWN PERJURED TESTIMONY iN The DRAFTING OF A CRIMINAL COMPLAINT: (A) DETECTIVES PAUL ThomAS AND J. MCMAHON CONSPIRED WITH EACH OTHER KNOWING ThaT there TESTIMONY iN The HighlAND PARK CHARGing DocuMENT CASE NUMBER ........ 2016722094 AND Police REPORT NUMBER 16-2921 WERE FALSE BASED OFF TRICKERY AT the SWEARING OF REPORT NO. 2016722094 By DETECTIVE's Thomas, AND McMAHON Who KNEW TheRe COMPLAINT WAS Illegal Due TO GERSTEIN / Riverside VIOLATIONS, AND circumVENTED Liability OFF oF TheReselves

By making it appear as if the affidavit was swore to when in fact the author Det. McMahon did not properly swear to the contents of his charging document, but allowed Det. Paul Thomas to swear to his facts. Also officer E. Talia and other unknown Highland Park Police officers testified consistently with the fraudulent charging instrument at the Preliminary Examination. Also Paul Thomas at the arraignment on 11/9/16 spoke false testimony into the State Record. This illegal conduct deprived the plaintiff of life, liberty, or property, without due process of law. U.S.C.A. Const. Am. 14.

## COUNT SEVEN

## MALICIOUS PROSECUTION

Incorporates by reference all materials in this complaint as though more fully set fourth herein 1 thur 36;

36.) The following are being charged with INITATION and continuing malicious prosecution without probable under the Fourth Amendment: Detective's Paul Thomas and J. McMahon; officer's E. Talia, Holman, Sheets and Calcatera, and Sgt. Couch. These police officers functioned through unknown Wayne County Prosecutor who is not

Being Looked AT RigHT NOW. HoweVER These officers
InTenTionally SoughT ProSecution, Knowing ThaT They weRe
DEFiciENT OF PRoBABle cAuSe. THiS illegAl PRoSecution
ulTimATely AmounTed To A VioLATion OF PLAINTiFFS RighT
UNDER The FOURTH AMENDMENT To NOT Be ARREStEd oR
ProSecuted wiThouT PRoBABle cAuSe, U.S.C.A. CONST. AM
4.14.

## COUNT EIGHT

### "MONELL CLAIM" AGAINST UNKNOWN HighLAND PARK Police chieF

INCORPORATES By ReFERENce All MATERIAls iN ThiS complAiNT
AS Though MoRe Fully SeT FouRTH HeReiN 1 ThuR 37;

37.) UNKNown HighLAND PARK Police iS Being cHARged wiTH FAiLuRe
To TRAIN His OFFicERS REgARding The Following:

(A) To PRovide Alleged cRimiNOl SuSPecTS A PRompT JudiciAl
DETERMINATION OF PRobABle cAuSe UNDER GERSTEIN AND RiverSide.
This illegAl coNduct violATed PLAINTiFFS RighT To Be FREE FRom
illegAl seizuRe. U.S.C.A. CONST. AM's. 4.14.

(B) HOW To PROPERly PREPARe ARREST complAiNTS ThaT comply wiTH
FedERal STANDARDS. This illegAl coNduct violATed PLAINTiFFS RighT
To Be FRee FRom illegAl seizuRe. U.S.C.A. CONST. AMS 4.14

35.

(C) HOW TO PROPERLY PLACE ALLEGED CRIMINAL SUSPECTS IN PROPER LINE UP'S FOR IDENTIFICATION, AND INTERNAL ADMINISTRATIVE PROTOCOLS AND PROCEDURES WITHIN THE JAIL TO GET THEM IDENTIFIED. THIS ILLEGAL CONDUCT VIOLATED PLAINTIFFS RIGHT TO NOT BE DEPRIVED OF LIFE LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW. U.S.C.A. CONST. AM 14.

(D) HOW TO PROPERLY OBTAIN SEARCH WARRANTS AND EXECUTING THEM IN A LAWFUL MANNER. THIS ILLEGAL CONDUCT VIOLATED PLAINTIFFS RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES. U.S.C.A. CONST. AMS 4.14.

## COUNT NINE

## MAKING USE OF ILLEGAL EVIDENCE -- WONG SUN V. U.S.

INCORPORATES BY REFERENCE ALL MATERIALS IN THIS COMPLAINT AS THOUGH MORE FULLY SET FOURTH HEREIN 1 THUR 38;

38.) DETECTIVE DANIEL PELLETIER IS BEING CHARGED WITH THE KNOWING USE OF ILLEGAL EVIDENCE VIA THE HIGHLAND PARK POLICE DEPARTMENT IN VIOLATION OF THE RULEING IN WONG SUN V. UNITED STATES, 371 U.S. 471 (1963). IN THE NATURE OF HIGHLAND PARK POLICE OFFICERS PERJURED TESTIMONY, HIGHLAND PARK POLICE PERTURED POLICE REPORTS AND OTHER RELATED MATERIALS THAT ARE INADMISSIBLE AND OTHERWISE EXCLUDABLE IN A COURT OF LAW. THIS USE OF ILLEGAL EVIDENCE DEPRIVED THE PLAINTIFF OF LIFE LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW. U.S.C.A.

CONST. AM 14.

## COUNT TEN

### PERJURED SWEAR-TO COMPLAINT IN VIOLATION OF FRANKS V. DELAWARE

INCORPORATES BY REFERENCE ALL MATERIALS IN THIS COMPLAINT AS THOUGH MORE FULLY SET FOURTH HEREIN I THUR 39;

39.) DETECTIVE DANIEL PELLETIER IS BEING CHARGED WITH THE DRAFTING OF A COMPLETELY FALSE ARREST WARRANT AFFIDAVIT THAT WAS BASED ON ALL PERJURED INFORMATION THAT WAS KNOWINGLY AND INTENTIONALLY AND WITH RECKLESS DISREGARD FOR THE TRUTH INCORPORATED IN HIS AFFIDAVIT AND OMITTED KEY EXCULPATORY AND IMPEACHING CONSTITUTIONAL VIOLATIONS BY THE HIGHLAND PARK POLICE DEPARTMENT THAT WAS DONE WITH RECKLESS DISREGARD FOR THE TRUTH, AS WELL AS, INTENTIONALLY AND KNOWINGLY THAT VIOLATED PLAINTIFFS RIGHT TO BE FREE FROM UNREASONABLE SEARCH'S AND SEIZURE'S. U.S.C.A. CONST. AMS 4. 14.

## COUNT ELEVEN

### COMPULSORY SELF-INCRIMINATION

INCORPORATES BY REFERENCE ALL MATERIALS IN THIS COMPLAINT AS THOUGH MORE FULLY SET FOURTH HEREIN I THUR 40;

40.) THE PLAINTIFF IS CHARGING ASSISTANT PROSECUTING ATTORNEY

LAURA McLANE AND DETECTIVE DANIEL PELLETIER WITH INTENTIONALLY, DELIBERATELY AND A RECKLESS DISREARD FOR PLAINTIFFS RIGHT AGAINST COMPULSORY SELF-INCRIMINATION, INITIATED AND BROUGHT PLAINTIFF TO A PROSECUTION THAT IS FORCING PLAINTIFF TO BE A WITNESS AGAINST HIMSELF IN ANOTHER PENDING PROSECUTION IN A DIFFERENT JURISDICTION BY USING THE SAME EVIDENCE BETWEEN THE ROYAL OAK AND HIGHLAND PARK POLICE DEPARTMENTS IN ONE INVESTIGATION, WHERE IF PLAINTIFF IS CONVICTED IN THE OAKLAND COUNTY PROSECUTION IT FURNISHES A LINK IN A CHAIN OF EVIDENCE NEEDED TO CONVICT OR SOLIDIFY THE CONVICTION IN THE WAYNE COUNTY PROSECUTION. THIS ILLEGAL CONDUCT VIOLATED PLAINTIFFS RIGHT TO BE FREE FROM COMPULSORY SELF-INCRIMINATION. U.S.C.A. CONST. AMS. 5, 14,

## COUNT TWELVE

## USE OF KNOWN PERJURED TESTIMONY

INCORPORATES BY REFERENCE ALL MATERIALS IN THIS COMPLAINT AS THOUGH MORE FULLY SET FOURTH HEREIN 1 THRU 41 ;

41.) DETECTIVE DANIEL PELLETIER IS BEING CHARGED WITH INCORPORATING PERJURED TESTIMONY INTO HIS CHARGING INSTRUMENT. THIS ILLEGAL CONDUCT VIOLATED PLAINT.FFS RIGHT TO LIFE, LIBERTY, OR PROPERTY WITHOUT DUE PROCESS OF LAW. U.S.C.A. CONST. AM 14.

## COUNT THIRTEEN

## MALICIOUS PROSECUTION

INCORPORATES By ReFeReNce All MATeRials iN This complaiNT As Though MoRe Fully SeT FouRTH HeReiN 1 Thur 42;

42.) DEFENDANTS APA. LAURA McLANe ANd DANiel PellETieR ARe Being charged WiTH MALicious PRosecuTioN UNDER THE FouRTH AmendmeNT By iNiTATioN OF The PRosecuTioN ANd coNTiNuiNG The PRosecuTioN wiThouT PRobAble cAuse. This illegAl coNduCT VioLATed PlAiNTiFFs RighT TO NoT Be ARResTed oR PRosecuTed WiThouT PRobAble cAuse. U.S.C.A. coNsT. AM. 4.14.

## COUNT FOURTEEN

## ILLEGAl WRiT OF HAbeas coRpus

INCoRPoRATes By RFFEReNce All MATeRials iN THis complaiNT As Though MoRe Fully SET FouRTH HeReiN 1 Thur 43;

43.) APA. LAuRA McLANe is Being charged WiTH THE DRAFTiNG OF A FAlse ANd MeRiTless wRiT OF HAbeas coRpus ThaT WAS DeFicieNT OF PRobAble cause, ANd Also DeTecTive DANiel PellETieR is Being charged WiTH MoTiVATiNG / iNciTiNG APA LAURA McLANe TO DRAFT AN illegAl wRiT OF HAbeas coRpus withouT PRobAble cause. This illegAl coNduCT VioLATed PLAiNTiFFs RighT To Be FRee FRom

UNREASONABLE SEARCHES AND SEIZURES. U.S.C.A. CONST. AMS 4.14.

## COUNT FIFTEEN

"MONELL CLAIM" AGAINST UNKNOWN ROY OAK POLICE CHIEF

INCORPORATES BY REFERENCE All MATERIALS IN THIS COMPLAINT AS Though MORE Fully SET FOURTH HEREIN 1 THUR 44;

44) THE ROYAL OAK POLICE DEPARTMENT [VIA] ITS UNKNOWN POLICE CHIEF IS FAILING TO PROPERLY TRAIN HIS OFFICER'S REGARDING THE Following:

(A) HOW TO RECOGNIZE OTHER POLICE DEPARTMENTS UNCONSTITUTIONAL Police WORK AND THEIR ILLEGAL EVIDENCE

(B) HOW TO PROPERLY DRAFT WARRANT COMPLAINTS THAT COMPORT WITH CONSTITUTIONAL STANDARDS UNDER FRANK V. DELAWARE, BY INCORPORATING EXCULPATORY AND IMPEACING EVIDENCE INTO THE AFFIDAVIT THAT WOULD OTHERWISE NEGATE PROBABLE CAUSE, AND HOW TO NOT INCLUDE FALSE OR PERJURED INFORMATION INTO THE COMPLAINTS;

(C) HOW TO PROPERLY IDENTIFY THEIR SUSPECTS INDEPENDENTLY OF OTHER POLICE DEPARTMENTS FAULTY POLICE WORK, BY USING CORPOREAL OR PHOTOGRAPHIC LINE UPS.

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

4.  Name of Judge assigned to your case

N|A

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☑ Yes

☐ No

If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 2|23| , 20 17.

Signature of Plaintiff    Paul Manizak

Printed Name of Plaintiff    PAUL MANIZAK

Prison Identification #  0288677

Prison Address  1201 N, TelegRapH RD, PonTiAC, MI, 48341

PonTIAC, MJ, 48341

City          State          Zip Code

● 41.

This mail is generated within the OAKLAND COUNTY JAIL

PAUL K. MANIZAK #0238647
OAKLAND COUNTY JAIL
1201 N. Telegraph RD
Pontiac, MI 48341

RECEIVED
FEB 28 2017
CLERK OFFICE
DETROIT

MetroPlex M2 480 ZIP
FRI 24 FEB 2017  PM

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
OFFICE OF THE CLERK
231 WEST LAFAYETTE Blvd, ROOM 564
DETROIT, MI, 48226

U.S. MARSHALS

# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| **Case No.** 17-10655 | **Judge:** Laurie J. Michelson | **Magistrate Judge:** Elizabeth A. Stafford |

**Name of 1ˢᵗ Listed Plaintiff/Petitioner:**

PAUL MANIZAK

**Name of 1ˢᵗ Listed Defendant/Respondent:**

OFC. E. TALIA ET AL

**Inmate Number:** 388677

**Additional Information:**

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**

Oakland County Jail

P.O. Box 436017
Pontiac, MI 48343
OAKLAND COUNTY

**BASIS OF JURISDICTION**
☐ 2 U.S. Government Defendant
☒ 3 Federal Question

**NATURE OF SUIT**
☐ 530 Habeas Corpus
☐ 540 Mandamus
☒ 550 Civil Rights
☐ 555 Prison Conditions

**ORIGIN**
☒ 1 Original Proceeding
☐ 5 Transferred from Another District Court
☐ Other:

**FEE STATUS**
☒ IFP *In Forma Pauperis*
☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1.  **Is this a case that has been previously dismissed?**
    ☐ Yes       ☒ No
    ➤ If yes, give the following information:

    Court: _____

    Case No: _____

    Judge: _____

2.  **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
    ☐ Yes       ☒ No
    ➤ If yes, give the following information:

    Court: _____

    Case No: _____

    Judge: _____

MIED (Rev. 07/06)  Civil Cover Sheet for Prisoner Cases