UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL MANIZAK,

     Plaintiff,

v.

OFFICER TALIA, *et al.*,

     Defendant.

Case No. 17-cv-10655
Honorable Laurie J. Michelson

## OPINION AND ORDER HOLDING IN ABEYANCE THE COMPLAINT AND ADMINISTRATIVELY CLOSING THE CASE

Plaintiff Paul Manizak, a detainee at the Wayne County Jail in Detroit, Michigan,[1] filed this *pro se* civil rights complaint pursuant to § 1983. Because the complaint, in effect, seeks to have this Court intervene in ongoing state criminal proceedings, the Court will abstain from exercising its jurisdiction until after the state criminal proceedings have concluded.

### I.

Because Manizak is proceeding *pro se*, his pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Nonetheless, the Court "shall" dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if the Court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit.

### II.

According to Manizak's complaint, he was arrested in Highland Park, Michigan on November 5, 2016, for allegedly "receiving and concealing a stolen motor vehicle." (R. 1, PID

---

[1] Plaintiff was incarcerated in the Oakland County Jail when he filed his Complaint, but he has since been transferred to the Wayne County Jail. (R. 5.)

11.) But, he says, the Highland Park Police did not have probable cause to arrest him. (*Id.* at PID 11.) He was not actually the suspect who jumped out of the stolen vehicle (a Comcast van); rather, he was just walking down the street in the general vicinity of the van. (*Id.*) Manizak refused to give his name, but told the officers his address. (*Id.*) The officers then took photos of plaintiff, went to his house and searched it without a warrant, and obtained "suggestive photos of plaintiff" as well as his medications. (*Id.* at PID 12.)

Over 48 hours later, Manizak was arraigned—in violation, he says, of his right to a prompt judicial determination of probable cause. (*Id.* at PID 13.) The Magistrate Judge did determine that there was probable cause, but Manizak says that the Magistrate Judge was "not a neutral detached magistrate in this matter." (*Id.* at PID 13.) On November 22, 2016, Defendant Daniel Pelletier drafted a felony complaint against Manizak that was filed in the 44th District Court in Royal Oak, Michigan. (*Id.* at PID 15.)

Around that time, Manizak was also identified by an unnamed identification witness. (*Id.* at PID 14.) But Manizak says that the identification violated his rights because it was unduly suggestive. (*Id.*) Manizak also says that his right against self-incrimination has been violated by Oakland County prosecutors, who are allegedly "forcing plaintiff to a jury trial" in Oakland County, which in turn would expose him to criminal liability in Wayne County. (*Id.* at PID 17.)

All of this, Manizak says, is the result of a conspiracy between the Highland Park and Royal Oak Police. (*Id.* at PID 20.)

Based on all of these alleged violations, Manizak asks this Court to enjoin any pending prosecution against him in Wayne or Oakland County. (*Id.* at PID 20.)

### III.

"A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present." *Bradley v. Mason*, 833 F. Supp. 2d 763, 772 (N.D. Ohio 2011) (citing *Younger v. Harris*, 401 U.S. 37, 44–45 (1971)). Federal courts should not enjoin pending state criminal proceedings except in "extraordinary circumstances" where an injunction is necessary to prevent "both great and immediate" irreparably injury. *Younger*, 401 U.S. at 45, 54. "When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case." *Bradley*, 833 F. Supp. 2d at 772. "In light of its concern with principles of comity and federalism, the Court emphasized that 'the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.'" *Watts v. Burkhart*, 854 F.2d 839, 844 (6th Cir. 1988) (quoting *Younger*, 401 U.S. at 45).

Abstention is appropriate if: (1) state proceedings are ongoing; (2) the state proceedings "implicate important state interests"; and (3) there is an "adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Applying these three factors, the Court concludes that it would be appropriate to abstain from issuing injunctive relief with respect to the criminal charges pending against plaintiff.

As to the first factor, "A case remains pending until the litigant has exhausted his state appellate remedies." *Tesmer v. Granholm*, 295 F.3d 536, 541 (6th Cir. 2002). Here, Manizak does not allege that he has exhausted his appellate remedies in the state-court criminal

3

proceeding—in fact, it is unclear whether the case has even resolved at the district court level. Accordingly, the first factor is met.

Second, state criminal proceedings clearly "involve[] the important state interest of punishing conduct proscribed by statute[.]" *Miskowski v. Peppler*, 36 F. App'x 556, 557 (6th Cir. 2002). Thus, the second factor is met.

Third, courts "must presume that the state courts are able to protect the interests of the federal plaintiff." *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995). Manizak does not allege that he cannot raise the issues he identified with respect to his arrest in the state courts. Therefore, the third factor is met.

Usually, where a criminal defendant seeks to enjoin ongoing state-court proceedings and the *Younger* principles apply, the normal course is to dismiss the case in its entirety. *Kish v. Michigan State Bd. of Law Examiners,* 999 F. Supp. 958, 965 (E.D. Mich. 1998). But Manizak also requests monetary damages in this case. *Younger* absention also applies to cases seeking monetary damages, *Schilling v. White*, 58 F.3d 1072, 1075 (6th Cir. 1995); however, where a complaint seeks monetary damages, the Court should hold the case in abeyance, as opposed to dismissing it. *James v. Hampton*, 513 F. App'x 471, 476 (6th Cir. 2013). This procedure "protect[s] against the possibility that [the plaintiff] could be deprived of the opportunity to present the merits of [his] damages claims in state court." *Goodwin v. Cty. of Summit*, 45 F. Supp. 3d 692, 705 (N.D. Ohio 2014).

Accordingly, the Court will stay these proceedings and hold the case in abeyance as per the conditions listed below.

**IV.**

The Court has concluded that *Younger* abstention is appropriate, and that the proper course is to hold this case in abeyance pending the completion of the state court proceedings.

Accordingly, IT IS ORDERED that the Court abstains from exercising its jurisdiction, and STAYS this case pending the conclusion of the state court proceedings.

To avoid administrative difficulties, the Court ORDERS the Clerk of Court to CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

IT IS FURTHER ORDERED that, if plaintiff seeks to reopen this case, plaintiff shall file a motion to reopen the case within forty-five (45) days of the conclusion of final state court criminal proceedings.

It is further ORDERED that upon receipt of a motion to reopen the case, the Court will order the Clerk to reopen this case.

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
Dated: March 20, 2017                   U.S. DISTRICT JUDGE


**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 20, 2017.

                                        s/Keisha Jackson
                                        Case Manager